J.A22043/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRICE EDWARD BENNETT JR., | : | |
| | : | |
| Appellant | : | No. 2231 MDA 2013 |

Appeal from the Judgment of Sentence October 30, 2013
In the Court of Common Pleas of York County
Criminal Division No(s).: CP-67-CR-0000822-2013

BEFORE: PANELLA, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED SEPTEMBER 16, 2014**

Appellant, Brice Edward Bennett, Jr., appeals from the judgment of sentence entered in the York County Court of Common Pleas following his jury conviction for retail theft.[1] He challenges the sufficiency and weight of the evidence. We affirm.

Appellant was charged with leaving a Giant grocery store, with food items hidden in his jacket, without paying for them. The case proceeded to a jury trial on July 11 and 12, 2013, at which Appellant was *pro se* with

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3929(a)(1).

appointed, stand-by counsel.[2]   We incorporate the court's summary of the trial testimony of the Commonwealth's two witnesses, aa cashier from the grocery store and the responding police officer.[3]   **See** Trial Ct. Op. at 2-3. We add that Appellant did not testify or present evidence or witnesses.

The jury returned a guilty verdict for retail theft.  Appellant filed a *pro se* motion for relief, which was denied.  On October 30, 2013, the trial court held a sentencing hearing, at which Appellant was represented by the same attorney.  The court imposed a sentence in the aggravated range of eighteen to thirty-six months.[4]   Appellant filed a timely, counseled post-sentence motion, which was denied,[5] and then filed a timely notice of appeal.[6]

---

[2] The same attorney now represents Appellant in this appeal.

[3] The retail value of the food items was $45.07.  Trial Ct. Op., 2/12/14, at 7. To stop Appellant from fleeing, the officer attempted to taser him as he ran away.  N.T. Trial, 7/12/13, at 75.  The taser probes penetrated Appellant's jacket but did not hit his body.

[4] Appellant raised a challenge to the discretionary aspects of his sentence in his Pa.R.A.P. 1925(b) statement.  However, he abandons that claim on appeal.  Appellant's Brief at 5.

[5] On December 2, 2013, after the court denied the post-sentence motion but before counsel filed the notice of appeal, Appellant filed a *pro se* Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, petition.  While it is not clear whether the court forwarded a copy of the petition to counsel, the court did not rule on it.  **See** Pa.R.Crim.P. 576(A)(4) (stating that when criminal defendant, who is represented by attorney, submits motion for filing that has not been signed by attorney, clerk of court shall accept it for filing and forward copy to counsel).

On appeal, Appellant first challenges the sufficiency of the evidence for retail theft. He asserts that the surveillance video played at trial did not show, and there was no testimony that he took anything from the store. Appellant then asserts that the police officer's trial testimony—that he saw a package of hot dogs fall out of Appellant's pocket as Appellant ran away from him in the parking lot—was inconsistent with the officer's affidavit of probable cause, which stated he saw hot dogs and other meat products. Appellant also contends that although other items were found on his person, he was not seen with these items in the store. Appellant concludes the evidence was speculative and thus not sufficient.

Appellant next challenges the weight of the evidence.[7] His argument, in sum, is that (1) he "was essentially watched from the moment he entered the Giant Food Store[;]" (2) "[n]o one saw him take anything and the store's surveillance cameras did not capture him taking anything[;]" and (3) "[t]here was no testimony about the cameras being defective." Appellant's Brief at 13. We find no relief is due.

We set forth the relevant standard of review:

> The standard we apply in reviewing the sufficiency of
> the evidence is whether viewing all the evidence admitted

---

[6] Appellant complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and the court issued a responsive opinion.

[7] This issue is preserved, as it was raised in Appellant's post-sentence motion. **See** Pa.R.Crim.P. 607(A)(1)-(3).

at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

\* \* \*

An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence[,] do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Bruce*, 916 A.2d 657, 661, 665 (Pa. Super. 2007)

(citations omitted).

After review of the certified record, including the trial transcript, the

opinion of the Honorable Michael E. Bortner, both parties' appellate briefs, and relevant legal authority, we reject Appellant's sufficiency claim on the basis of the trial court's opinion. **See** Trial Ct. Op. at 2-3, 5-8 ((1) stating witnesses' lack of credibility is not appropriate sufficiency argument because credibility determinations are within sole province of jury; (2) noting: (a) store cashier testified Appellant entered store, later exited "with his jacket bulging," and upon leaving store, ignored store employees' repeated requests to stop, and (b) police officer testified he responded to "multiple Giant employees waving him down in distress," it was "very late" and store parking lot was empty, Appellant was only person in this area, officer tried to stop Appellant but Appellant fled, officer observed hot dogs fall from Appellant's jacket, officer found "pork loin and shrimp wheel tucked inside" Appellant's jacket after apprehending him, and cashier confirmed Appellant's identity; and (3) holding evidence was sufficient for jury to find Appellant took items that were offered for sale away from store, without paying full retail value for them, with intent to deprive store of items). We likewise no abuse of discretion in the court's reasoning and adopt its analysis to decline relief on Appellant's weight of the evidence claim. **See id.** at 8 (stating jury found testimony of cashier and officer credible, any inconsistencies in testimony were for jury to weigh, and jury's verdict does not shock court's sense of justice).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/16/2014</u>



RECEIVED/FILED
YORK COUNTY
JUDICIAL CENTER

2014 FEB 12 PM 3:38

DON O'SHELL
CLERK OF COURTS

## IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH        :
       :
     v.                  :      **NO. CP-67-CR-0822-2013**
       :
**BRICE E. BENNETT, JR.**        :
     **Defendant/Appellant**      :

COUNSEL OF RECORD:

R.J. Fisher, Esquire                Thomas Gregory, Esquire Jr.
Counsel for the Commonwealth     Counsel for Defendant

## OPINION IN SUPPORT OF ORDER PURSUANT TO RULE 1925(a) OF THE RULES OF APPELLATE PROCEDURE

The Court received a Notice of Appeal, filed on December 16, 2013, that the Defendant appeals to the Superior Court of Pennsylvania the jury's verdict, entered on July 12, 2013, and this Court's imposed sentence, entered on October 30, 2013. This Court has reviewed the record, and the Defendant's Statement of Matters Complained of on Appeal, docketed on January 3, 2013. This Court now issues this Opinion in support of the jury's verdict and this Court's Order, dated October 30, 2013.

### I.     Procedural History

On July 12, 2013, this Court held a jury trial for the Defendant in this case. On that same date, the jury found the Defendant guilty of retail theft, under 18 Pa. C.S.A. § 3929(a)(1). Under 18 Pa. C.S.A. § 3929(b)(iv), this particular retail theft was graded as a felony of the third degree because it was a third or subsequent offense. On October 20, 2013, the Defendant returned to court for sentencing in this matter, and on that date, this Court sentenced the Defendant to serve a term of 18 to 36 months in a State Correctional Institution. The Court's sentence fell within the aggravated range.

1

The Defendant now challenges three issues on appeal. First, the Defendant argues that this Court erred in sentencing the Defendant in the aggravated range. Second, the Defendant argues that the jury's verdict was against the weight of the evidence. Lastly, the Defendant argues that the evidence was not sufficient for the jury's finding of guilt for retail theft.

## II.    Facts

During the Defendant's trial, the Commonwealth called only two witnesses to present its case to the jury. Ms. Kelley Cone, a cashier at Giant for 12 years, testified that she was at work on October 27, 2012, the date of the incident. (N.T. p. 55). Ms. Cone explained that she saw the Defendant come through her line and throw his shopping basket on the back of the register. (N.T. p. 55-56). As the Defendant passed through Ms. Cone's aisle toward the exit, Ms. Cone testified she noticed that the Defendant's jacket was bulging, and his jacket was not bulging when he entered the store. (N.T. p. 56-57, 64). After observing this, Ms. Cone asked the Defendant to stop, but he did not comply and continued out the exit. (N.T. p. 57). Ms. Cone then followed the Defendant outside with two other employees to try to get him to stop, but he still continued into the parking lot. (N.T. p. 57). As the Defendant was walking across the parking lot, Ms. Cone testified that she and the other employees signaled a passing police officer, and he responded to the Giant. (N.T. p. 57). Ms. Cone reported the theft to the police officer, and she testified that the officer then drove off and came back with the Defendant and some groceries. (N.T. p. 57). Ms. Cone then rang up the items by scanning them at the register, and the items included a pork loin, shrimp ring and package of hot dogs. (N.T. p. 57-58).

Officer Carricato was the Commonwealth's second witness called to testify. He explained that he observed multiple Giant employees waving him down in distress on October 27, 2012. (N.T. p. 73). The officer testified that the employees reported a theft, and he attempted to make contact with the Defendant

2

in order to conduct an investigation. (N.T. p. 74). At this point, the officer described the parking lot as empty because it was very late, and the Defendant was the only subject in the area. (N.T. p. 74). The Defendant then tried to flee from the officer when the officer attempted to approach. (N.T. p. 74-75). During this flight, the officer observed a package of hot dogs fall from the Defendant's jacket. (N.T. p. 75). Once in custody, the officer searched the Defendant and found a pork loin and shrimp wheel tucked inside the Defendant's jacket. (N.T. p. 76). The officer testified that he then returned to Giant, and Ms. Cone confirmed the identity of the Defendant. (N.T. p. 76). The officer then had Ms. Cone scan the items and print a receipt for him. (N.T. p. 76). The officer further elaborated that in his experience, items in each store are tagged specifically for that store, so an item would not register with Giant's system if it was not from Giant. (N.T. p. 76-77).

## III. **Matters Complained of on Appeal**

### A. Defendant's Sentence in the Aggravated Range

The Defendant first argues that this Court erred in sentencing the Defendant on a retail theft in the aggravated range of 18 to 36 months in a State Correctional Institution. The Defendant contends that the circumstances did not warrant an aggravated sentence. This Court disagrees.

Under Pennsylvania law, the judge who presided over the trial *shall* impose sentence. Pa. R. Crim. P. 700(A). Pennsylvania employs a system of sentencing tailored to each individual defendant and sentence imposed. *Commonwealth v. Riggins,* 377 A.2d 140, 143 (Pa. 1977) (citing *Commonwealth v. Martin,* 351 A.2d 650 (Pa. 1976). As stated by the Pennsylvania Supreme Court, this system "necessitates the granting of broad discretion to the trial judge, who must determine, among the sentencing alternatives

3

and the range of permissible penalties, the proper sentence to be imposed." *Id.* Pennsylvania has firmly established "the requirement that a sentencing court must disclose on the record the reasons for the imposition of a particular sentence." *Commonwealth v. Devers*, 546 A.2d 12, 12 (Pa. 1988); see also Pa. R. Crim. P. 704(C)(2). However, "having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed." *Devers*, 546 A.2d at 18.

In the instant case, the jury returned a verdict of guilty against the Defendant for Retail Theft on July 12, 2013. At that time, this Court directed that adult probation complete a full pre-sentence report with an analysis of sentencing guidelines and appropriate recommendations for sentence. (N.T., Criminal Jury Trial Verdict 7/12/13, p. 2). The Defendant came before this Court again on October 30, 2013, for sentencing in this case. At that time, this Court sentenced the Defendant to serve 18 to 36 months (or 1½ to 3 years) in a State Correctional Institution and to pay restitution of $45.07 to Giant. (N.T., Sentence 10/30/13, p. 1). According to the guidelines, the Defendant's standard range for sentencing was 6 to 16 months; however, this Court decided to sentence the Defendant in the aggravated range. *Id.* at 2.

This Court still firmly supports its previous decision regarding the Defendant's sentence in this case. First, this Court did order and receive a full pre-sentence investigation before the time for sentencing, and this Court reviewed that report thoroughly. Second, this Court heard and considered argument from counsel before entering its sentence. Finally, this Court stated numerous reasons on the record for sentencing the Defendant in the aggravated range. That section of the sentencing hearing reads:

> THE COURT: Well, I think I have discussed some of this previously, but we have an extensive prior record of criminal activity. We have not had a very satisfactory adjustment to the York County Prison where he is detained in isolation most of the time. Many of the community programs here are not going to be available to him as he has burned a lot of bridges. We have had previous period of supervision and treatment attempts, and they have not brought positive changes to Mr. Bennett. I would note that we have had a history of violations of his previous supervision [on]

4

at least 12 occasions. Furthermore, he has made no or little effort to pay any of his court obligations.

We don't think that the York County Prison is a good place for Mr. Bennett, frankly, and while we are somewhat reluctant to do so, I feel the state correctional institution is preferable.

(N.T., Sentence 10/30/13, p. 2). Because this Court reviewed the pre-sentence investigation, heard argument, and placed numerous, specific reasons on the record during sentencing, this Court used its discretion with care and fashioned an appropriate sentence for the Defendant. For these reasons, this Court concludes that its sentence was appropriate and in accordance with Pennsylvania law.

### B. Sufficiency of the Evidence

The Defendant next argues that the evidence presented during trial is not sufficient for the jury to return a verdict of guilty for retail theft. Although this argument was not presented to this Court in the Defendant's Post-Sentence Motion, filed on November 4, 2013, this Court will address the issue now and its reasons for disagreeing with the Defendant.

Where the challenge is to sufficiency of evidence, the evidence must be reviewed "in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). See *Commonwealth v. Hutchinson*, 947 A.2d 800, 805 (Pa. Super. Ct. 2008). For the conviction to be upheld, the evidence must be sufficient to allow the fact-finder to find every element of the crime beyond a reasonable doubt. *Id.* In proving the crime, the Commonwealth may rely solely on circumstantial evidence, and the fact-finder is permitted to believe all, part, or none of the evidence. *Id.* at 806. Any doubts about the defendant's guilt are to be resolved by the fact-finder unless the evidence was so weak and inconclusive that no probability of fact could be drawn from the evidence. *Commonwealth v. Habay*,

5

732, 735 (Pa. Super. Ct. 2007). The credibility, or lack thereof, of the witnesses is not an appropriate argument for why the verdict was against the sufficiency of the evidence since "credibility determinations are within the sole province of the jury." *Martin v. Evans*, 711 A.2d 458, 463 (Pa. 1998).

Under Pennsylvania law, for a defendant to be found guilty of retail theft, the Commonwealth must prove beyond a reasonable doubt that a defendant:

> (1) Takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof [...]

18 Pa. C.S.A. § 3929(a)(1). This statute governing retail thefts also contains a statutory presumption regarding the intent element of retail theft, and that presumption states the following:

> (c) Presumptions.—Any person intentionally concealing unpurchased property of any store or other mercantile establishment, either on the premises or outside the premises of such store, shall be prima facie presumed to have so concealed such property with the intention of depriving the merchant of possession, use or benefit of such merchandise without paying full retail value [...]

18 Pa. C.S.A. § 3929(c). Going further, finding the unpurchased merchandise concealed on a defendant "shall be prima facie evidence of intentional concealment." *Id.* See also *Commonwealth v. Jones*, 528 A.2d 1360, 1362 (Pa. Super. 1987) (citing *Commonwealth v. McSween*, 402 A.2d 528, 529 (Pa. Super. 1979)).

This Court finds that the evidence presented at trial is sufficient to find the Defendant guilty of retail theft. First, according to the statute, the Defendant must take merchandise from a store that was offered for sale. In this case, the evidence supports this element through the testimony of Kelley Cone. Ms. Cone's testimony establishes that the Defendant entered the store, and he then exited the store with his jacket bulging. (N.T. p. 56-57, 64). The Defendant then proceeded to exit the store and continue through

6

the parking lot while ignoring repeated requests to stop from Giant employees. (N.T. p. 57). Officer Carricato then testified that he found the stolen items hidden inside the Defendant's jacket, the value of which totaled $45.07 after Ms. Cone scanned each of them. (N.T. p. 76). This evidence presented at trial is sufficient to establish that the Defendant took merchandise from Giant that was offered for sale.

Second, the Defendant must act with the requisite intent to commit a retail theft. Under this particular statute, the Defendant must act with the intent to deprive the merchant of the merchandise. As stated above, intentional concealment of the unpurchased merchandise is prima facie evidence of this requisite intent to deprive. 18 Pa. C.S.A. § 3929(c). Additionally, finding the unpurchased property concealed on the defendant is prima facie evidence of intentional concealment. *Id.* In the instant case, the Defendant was seen entering the store with a normal jacket size and then exiting the store with a bulging jacket. (N.T. p. 56-57, 64). His jacket was still bulging as he left the Giant and proceeded through the parking lot. Officer Carricato then found the unpurchased items concealed in the Defendant's jacket. (N.T. p. 76). Because the officer found the items concealed on the Defendant's person, there is prima facie evidence of intentional concealment. This prima facie evidence of intentional concealment further establishes prima facie evidence of the intent to deprive Giant of the items taken. Since the Defendant offered no contradictory evidence to this concealment, this Court finds that the statutory presumptions apply, and the evidence presented during trial is sufficient to establish the requisite intent for retail theft.

Finally, the Defendant must take the merchandise without paying full retail value for it. No evidence was presented during trial to suggest remotely that the Defendant paid for these items. The testimony of both Commonwealth witnesses proves that the Defendant did not pay for them. This Court finds that the evidence is sufficient to establish this final element of retail theft. For these reasons, this Court concludes that the evidence presented at trial was sufficient to establish the elements of retail theft

7

beyond a reasonable doubt.

### C. Weight of the Evidence

Lastly, the Defendant argues that the jury's verdict goes against the weight of the evidence presented during trial. The Defendant supports this argument by his position taken at trial that the credibility of the two Commonwealth witnesses must be questioned because purported inconsistencies in testimony exist.

"The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003) (citing *Commonwealth v. Johnson*, 668 A.2d 97, 101 (Pa. 1995), *cert. denied*, 519 U.S. 827 (1996)). "The trial court should grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice and not where the evidence is conflicting or where the trial judge would have reached a different conclusion on the same facts." *Lombardo v. DeLeon*, 828 A.2d 372, 374 (Pa. Super. Ct. 2003) (citing *Davis v. Mullen*, 773 A.2d 764, 766 (Pa. 2001)).

The jury found as credible the testimony of Officer Carricato and Kelley Cone. The jury's verdict in this case does not shock this Court's sense of justice, and any purported inconsistencies were in the province of the jury to consider and weigh accordingly. This Court finds no such inconsistencies in either the testimony of Officer Carricato or Kelley Cone. For these reasons, this Court concludes that the weight of the evidence supports the jury's verdict in this case finding the Defendant guilty of retail theft.

8

## IV. Conclusion

Based upon the reasons stated above, this Court respectfully urges affirmance of the jury's verdict and this Court's sentence.

BY THE COURT,

DATED: February 12th, 2014

MICHAEL E. BORTNER, JUDGE

9